IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| TRENT LABRENZ, individually and as special administrator of estate of Megan Labrenz, deceased,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>CERTAIN UNDERWRITERS AT LLOYD'S LONDON SUBSCRIBING TO POLICY NO. BRT3A002360-02, LLOYD'S SYNDICATE 2987, DENNIS JONES d/b/a Eagle Window & Siding, EAGLE WINDOWS & SIDING, INC., d/b/a Eagle Home Improvement, JACOB M. SITZE,<br><br>　　　　　Defendants. | Case No. 21-CV-1793-SMY |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

　　Plaintiff Trent Labrenz, individually and as special administrator of the estate of Megan Labrenz, deceased, originally filed this declaratory judgment action in the Circuit Court of the Third Judicial Circuit, Madison County, Illinois. Defendant Certain Underwriters at Lloyd's London Subscribing to Policy No. BRT3A002360-02, Lloyd's Syndicate 2987 ("Lloyd's Syndicate 2987") removed this matter, asserting diversity citizenship jurisdiction pursuant to 28 U.S.C. § 1332 (Doc. 1). Now pending before the Court are the Motion to Remand filed by Plaintiff (Doc. 9) and Motion to Remand filed by Defendant Jacob M. Sitze (Doc. 17).

　　Federal courts have original jurisdiction over civil actions if there is complete diversity between the parties and the amount in controversy exceeds $75,000, exclusive of interest and costs. For complete diversity to exist, "none of the parties on either side of the litigation may be a citizen

of the state of which a party on the other side is a citizen." *Howell v. Tribune Entertainment Co.*, 106 F.3d 215, 217 (7th Cir. 1997) (citations omitted). "[T]he legal representative of the estate of a decedent shall be deemed to be a citizen only of the same State as the decedent." *See* 28 U.S.C. § 1332(c)(2); *see also*, *Milam v. State Farm Mut. Auto. Ins. Co.*, 972 F.2d 166, 168 (7th Cir. 1992).

Here, the Complaint alleges the decedent Megan Labrenz left a surviving spouse, Trent Labrenz, who is domiciled and a resident of Illinois (Doc. 1-1, ¶ 4). The Complaint further alleges the citizenship of the parties as follows:

- Defendant Jacob M. Sitze is domiciled and a resident of Illinois (Doc. 11-1, ¶ 5);
- Defendant Dennis Jones d/b/a Eagle Windows & Siding is domiciled and a resident of Illinois (Doc. 11-1, ¶ 6);
- Defendant Eagle Windows & Siding, Inc. is incorporated in Illinois with its primary place of business in Illinois (Doc. 11-1, ¶ 7).

It is unclear however where Defendant Lloyd's Syndicate 2987 should be placed for diversity purposes. While Lloyd's Syndicate 2987 asserts its foreign citizenship from England as if it were a corporation (Doc. 6), the Seventh Circuit has held that "[u]nderwriting syndicates are not corporations" and has noted that an underwriting syndicate has "the personal-liability characteristics of a general partnership and the management structure of a limited partnership." *Indiana Gas Co. v. Home Ins. Co.*, 141 F.3d 314, 316-317 (7th Cir. 1998). Therefore, an underwriting syndicate must be treated like a partnership when determining its citizenship; it is a citizen of every state of which any partner or member is a citizen. *Id.* See also, *Dexia Credit Local v. Rogan*, 629 F.3d 612, 619 (7th Cir. 2010) (noting that *Indiana Gas* held that "all of the members belonging to a Lloyd's of London syndicate to be considered for purposes of diversity jurisdiction").

Accordingly, the Motions to Remand (Docs. 9, 17) are **TAKEN UNDER ADVISEMENT**. Lloyd's Syndicate 2987 is **ORDERED** to file a jurisdictional statement by October 3, 2022, alleging each participating member's citizenship.

**IT IS SO ORDERED.**

**DATED: September 27, 2022**

**STACI M. YANDLE**
**United States District Judge**