# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| TRENT LABRENZ, individually and as special administrator of estate of Megan Labrenz, deceased, | )<br>)<br>)<br>) |
| Plaintiff, | ) Case No. 21-CV-1793-SMY |
| vs. | )<br>)<br>) |
| CERTAIN UNDERWRITERS AT LLOYD'S LONDON SUBSCRIBING TO POLICY NO. BRT3A002360-02, LLOYD'S SYNDICATE 2987, DENNIS JONES d/b/a Eagle Window & Siding, EAGLE WINDOWS & SIDING, INC., d/b/a Eagle Home Improvement, JACOB M. SITZE, | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Trent Labrenz, individually and as Special Administrator of the Estate of Megan Labrenz, deceased, originally filed this declaratory judgment action in the Circuit Court of the Third Judicial Circuit, Madison County, Illinois. Defendant Certain Underwriters at Lloyd's London Subscribing to Policy No. BRT3A002360-02, Lloyd's Syndicate 2987 ("Lloyd's") removed the case to this court, asserting diversity citizenship jurisdiction pursuant to 28 U.S.C. § 1332 (Doc. 1).

Now pending before the Court is Lloyd's Motion to Realign the Parties (Doc. 2) and Motion to Consolidate (Doc. 4). Plaintiff opposes both motions. Also pending are Plaintiff's Motion to Remand (Doc. 9) and Defendant Jacob M. Sitze's Motion to Remand (Doc. 17), which

Lloyd's opposes. For the following reasons, the Motion to Realign (Doc. 2) and Motion to Consolidate (Doc. 4) are **GRANTED**; the Motions to Remand (Docs. 9, 17) are **DENIED**.

### Background

On May 13, 2021, Plaintiff Trent Labrenz, individually and as Special Administrator of the Estate of Megan Labrenz, deceased, filed a wrongful death lawsuit against Jacob Sitze, Eagle Windows & Siding, Inc. d/b/a Eagle Home Improvement ("Eagle"), and several other defendants in the Circuit Court of the Third Judicial Circuit, Madison County, Illinois (Case No. 2021-L-619) (Doc. 3-1). The lawsuit stems from an automobile accident involving Megan Labrenz and Sitze in which Megan Labrenz was fatally injured. The Complaint alleges willful and wanton negligence against Sitze, and alleges claims against Eagle under *respondeat superior* for negligent entrustment, negligent supervision, and negligent retention based upon Eagle's employment of Sitze and ownership of the truck driven by Sitze.

Lloyd's issued a Commercial General Liability Insurance Policy to Dennis Jones d/b/a Eagle Windows & Siding for the policy period May 1, 2020 to May 1, 2021. (Doc. 1-1 at p. 69). Eagle tendered the defense of the underlying lawsuit to Lloyd's. (*Id.* at p. 70). Lloyd's subsequently filed a declaratory judgment action also pending before this Court, seeking a judicial declaration that it does not have a duty to defend and/or indemnify Eagle or Sitze in the underlying wrongful death action. *See Certain Underwriters at Lloyd's, London Subscribing to Policy No. BRT3A002360-02, Lloyd's v. Dennis Jones d/b/a Eagle Window & Siding, Jacob M. Sitze, and Trent Labrenz, individually and as special administrator of the estate of Megan Labrenz*, Case No. *3:21-cv-1217-SMY* (S.D. Ill. 2021).

On November 29, 2021, Plaintiff filed the instant declaratory action in the Circuit Court of the Third Judicial Circuit, Madison County, Illinois, naming Lloyd's, Eagle, and Sitze as

defendants and seeking a declaration that Lloyd's has an obligation to defend and indemnify Sitze, Jones, and Eagle in relation to the wrongful death suit. (Doc. 1-1 at pp. 2-21). Lloyd's removed that case to this court, asserting diversity citizenship jurisdiction pursuant to 28 U.S.C. § 1332 (Doc. 1).

## Discussion

Diversity jurisdiction requires complete diversity between the parties. 28 U.S.C. §1332. In other words, an action is removable from a state court based on diversity jurisdiction only "if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. §1441(b). While all defendants must consent to removal, (*see* 28 U.S.C. §1446(a) and (b)), "[d]iversity jurisdiction cannot be conferred upon the federal courts by the parties' own determination of who are plaintiffs and who defendants." *City of Indianapolis v. Chase National Bank*, 314 U.S. 63, 69 (1941). Thus, the Court must "look beyond the pleadings, and arrange the parties according to their sides in the dispute." *Id. citing Dawson v. Columbia Ave. Sav. Fund, Safe Deposit, Title & Trust Co.*, 197 U.S. 178, 180 (1905); *see also*, *Am Motorists Ins. Co. v. Trane Co.*, 657 F.2d 146, 149 (7th Cir. 1981).

"Realignment is proper when the court finds that no actual, substantial controversy exists between parties on one side of the dispute and their named opponents." *Id.* It is improper if an actual, substantial controversy exists between a party on one side and the named opponent(s). *Krueger v. Cartwright*, 996 F.2d 928, 932 (7th Cir. 1993); *see also Truck Ins. Exch. V. Ashland Oil, Inc.*, 951 F.2d 787, 788 (7th Cir. 1992) (realignment improper where the insurance company brought suit in order to disclaim any liability it might have either to the insured or to the insured's victims because the insurance company was an adversary to the insured and the insured's victims). If an actual, substantial controversy does not exist, realignment is proper even if it may "destroy

diversity and deprive the court of jurisdiction." *Am. Motorists Ins. Co.*, 657 F.2d at 149; *see Wolf v. Kennelly*, 574 F.3d 406, 412 (7th Cir. 2009).

While insureds and the insured's victims are necessarily adverse in underlying lawsuits, the same parties are often realigned in declaratory judgment actions seeking indemnification. *See Truck Ins. Exch.*, 951 F.2d at 788; *see also Home Ins. Co. of Ill. V. Adco Oil Co.*, 154 F.3d 739, 741 (7th Cir. 1998) (the normal alignment of parties in a declaratory judgment action is an insurer versus the insured and the injured party). This is so because any finding that the insurer owes a duty to indemnify an insured mutually benefits the insured and the injured party. *Grinnell Select Ins. Co. v. Glodo*, No. 08-cv-891-JPG 2009 WL 455126, at *2 (S.D. Ill. Feb. 23, 2009). However, the same cannot be said with respect to the duty to defend. *Preferred Chiropractic, LLC v. Hartford Cas. Ins. Co.*, No. 10-cv-972-DRH 2011 WL 2149091, at *3 (S.D. Ill. May 31, 2011). In actions regarding duties to defend, the insured and the insured's victim often have adverse interests – "an adversity which does not end until after a judgment" in the underlying action. *Id.* at *3 *citing Grinnell Select Ins. Co.*, 2009 WL 455126, at *2. Lloyd's alleges that Sitze's, Jones', and Eagle's interests in this case are completely aligned with Plaintiff's attempt to secure a defense or indemnification in the wrongful death suit. This Court agrees.

Here, Plaintiff requests that the Court "[f]ind and declare that CERTAIN UNDERWRITERS AT LLOYD'S LONDON SUBSCRIBING TO POLICY NO. BRT3A002360-02, LLOYD'S has a **duty to defend or indemnify** Defendants, namely JACOB M. SITZE, DENNIS JONES d/b/a EAGLE WINDOW & SIDING, EAGLE WINDOWS & SIDNG, INC. d/b/a EAGLE HOME IMPROVEMENT…" (Doc. 1-1 at p. 20). Sitze, Jones and Eagle Windows have also requested that Lloyd's provide them a defense in the underlying wrongful death action (Doc. 18 at p. 10; Doc. 5 at p. 27). As such, no actual substantial controversy exists between

Plaintiff, Sitze, Jones and Eagle as it relates to this declaratory judgment action and realignment of the parties is proper. Defendants Dennis Jones d/b/a Eagle Window & Siding, Eagle Windows & Siding, Inc. d/b/a Eagle Home Improvement, and Jacob M. Sitze will therefore be realigned as plaintiffs in this case. Consequently, diversity jurisdiction exists; Plaintiffs are all citizens of the State of Illinois and Defendant is a citizen of the United Kingdom. As this Court now has subject matter jurisdiction of this action, remand to the Circuit Court of the Third Judicial Circuit, Madison County, Illinois is not warranted.

Finally, Lloyd's seeks to consolidate this action into *Certain Underwriters at Lloyd's, London Subscribing to Policy No. BRT3A002360-02, Lloyd's v. Dennis Jones d/b/a Eagle Window & Siding, Jacob M. Sitze, and Trent Labrenz, individually and as special administrator of the estate of Megan Labrenz, Case No. 3:21-cv-1217-SMY*. Consolidation may occur if actions before the court involve a common question of law or fact. Fed. R. Civ. Pro. 42(a). Since the present action and *Case No. 3:21-cv-1217-SMY* involve the same common questions of law and fact, namely whether Lloyd's has a duty to defend and/or indemnify Sitze, Jones, and Eagle, consolidation of the two cases would promote judicial economy and efficiency. Accordingly, the present action shall be consolidated with *Case No. 3:21-cv-1217-SMY*.

## Conclusion

The Motion to Realign (Doc. 2) and Motion to Consolidate (Doc. 4) are **GRANTED**; the Motions to Remand (Docs. 9, 17) are **DENIED**. The Clerk of Court is **DIRECTED** to realign Defendants Dennis Jones d/b/a Eagle Window & Siding, Eagle Windows & Siding, Inc. d/b/a Eagle Home Improvement, and Jacob M. Sitze as Plaintiffs in this action, to **CONSOLIDATE** this matter with *Case No. 3:21-cv-1217-SMY*, and to file a copy of this Order in case number 22-cv-1217. **All future filings shall be made in case number 21-cv-1217-SMY.**

**IT IS SO ORDERED.**

**DATED:  November 3, 2022**

_____
**STACI M. YANDLE**
**United States District Judge**